# EXHIBIT A

FILED
02-03-2025
Clerk of Circuit Court
Eau Claire County, WI
2025CV000053
Honorable Sarah Harless
Branch 5

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **COUNTY OF EAU CLAIRE**

---

Eugene Craig,                                   No. 2025-CV-_____ (br. ___)

                    Plaintiff,

vs.

KMD Wisconsin, LLC,
  d/b/a Credit Ninja,

                    Defendant.

---

**SUMMONS**

---

**THE STATE OF WISCONSIN**
**TO EACH PERSON OR ENTITY NAMED ABOVE AS A DEFENDANT**

You are hereby notified that the Plaintiff named above have filed a lawsuit or other legal action against you.  The complaint, which is attached, states the nature and basis of the legal action.

Within **twenty (20) days** of receiving this summons, you must respond with a written answer to the complaint, as the term is used in chapter 802 of the Wisconsin Statutes.  The court may reject or disregard an answer that does not follow the requirements of  the statutes.  The answer must be electronically filed, or sent or delivered to the court, whose address is

Clerk of Circuit Court,
Eau Claire  County Courthouse,
721 Oxford Street
Eau Claire, Wisconsin 54703,

-1-

and a copy sent or delivered to Plaintiff's attorney, whose address is

Eric L. Crandall, Esq.,
Crandall Law Firm, SC,
421 West Second Street,
PO Box 27,
New Richmond, WI 54017

You may have an attorney help or represent you.

If you do not provide a proper answer within twenty (20) days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

DATED: February 1, 2025            Electronically signed by Eric Crandall
                                              Eric L. Crandall, Esq.
                                              **CRANDALL LAW FIRM, SC**
                                              421 West Second Street
                                              PO Box 27
                                              New Richmond, WI 54017
                                              715-243-9996 (p)
                                              715-246-7174 (f)
                                              WisconsinConsumerLaw@frontier.com
                                              Wis. Attorney Lic. No. 1001833

                                              **ATTORNEY FOR PLAINTIFF**

FILED
02-03-2025
Clerk of Circuit Court
Eau Claire County, WI
2025CV000053
Honorable Sarah Harless
Branch 5

**STATE OF WISCONSIN**        **CIRCUIT COURT**    **COUNTY OF EAU CLAIRE**

---

Eugene Craig,                                           No. 2025-CV-_____ (br. ___)

          Plaintiff,

vs.

KMD Wisconsin, LLC,
  d/b/a Credit Ninja,

          Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

### I. INTRODUCTION

1.  This is an action brought by Eugene Craig ("Craig") seeking redress for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA"), Wisconsin's Privacy statute, Wis. Stat. § 995.50, and Wisconsin's civil theft statute, Wis. Stat. § 895.446, committed by KMD Wisconsin, LLC, d/b/a Credit Ninja ("Credit Ninja). Craig seeks recovery of actual, statutory and punitive damages, his reasonably incurred costs and attorney fees, as well as declaratory and injunctive relief.

2.  As alleged and discussed below, substantial amounts of Craig's non public personal identifying information ("PII"), and substantial amounts of his non public personal financial information ("PFI"), has been obtained by the defendant without Craig's express permission, and has subsequently been disclosed to, marketed to, and sold to various lenders and to

-3-

others, by defendant without Craig's express permission, and contrary to state and federal law.

3.  As alleged and discussed below, defendant has assembled Craig's non public PII and PFI into a "consumer file" as defined by the FCRA, or "credit report" in common usage.

4.  As alleged and discussed below, defendant has acted as a "consumer reporting agency" as defined by the FCRA, or "credit bureau" in common usage, when defendant disclosed, market and or sold Craig's non public PII and PFI to various potential lenders and to other third parties.

5.  Craig seeks recovery of his actual damages, statutory and punitive damages as allowed by law, and his reasonably incurred costs and attorney fees.

6.  Craig also seeks all appropriate declaratory and injunctive relief.

## II. JURISDICTION

7.  This court has **subject matter jurisdiction** over Craig's claims under Wis. Stat. § 801.04 (general jurisdiction), as well as 15 U.S.C. §1681p (FCRA juisdiction).

8.  Defendant is subject to **personal jurisdiction** in Wisconsin courts including this court. At all material times defendant directed its tortuous and illegal conduct towards Wisconsin residents including Craig. At all material times defendant unlawfully obtained protected and confidential information about Wisconsin residents including Craig. At all material times defendant knowingly caused losses, damages, and injuries to Wisconsin residents including Craig. At all material times defendant engaged in substantial business activities within Wisconsin including marketing its services to Wisconsin residents and businesses, attempting to broker loans to Wisconsin residents including Craig, and also selling the non

-4-

public PII and non public PFI of Wisconsin residents to third parties and thus into the stream of Unites States and Global commerce. At all material times defendant engaged in the solicitation of Wisconsin residents for loan brokering services, including Craig. At all material times defendant made loans to Wisconsin residents, and sold some of those loans off into the stream of Unites States and Global commerce. At all material times defendant maintained registration and authorization to conduct business in Wisconsin by virtue of defendant's filings with the Wisconsin Department of Financial Institutions.

9.      *Venue* is appropriate under Wis. Stat. § 801.50, as a substantial part of the acts, errors and omissions giving rise to the claims asserted by Craig arose in this county, had their primary effects in this county, and is in any event the county designated by Craig, per Wis. Stat. § 801.50(2)(d).

## III.  PARTIES

**Eugene Craig**

10.     Plaintiff Eugene Craig is an individual residing in Eau Claire County, Wisconsin.

11.     While Craig is of normal intelligence, he lacks advanced sophistication in the specific businesses of payday loan lead marketing and credit reporting.

12.     Craig was and is a "consumer" or "customer" as defined by Wis. Stat. § 421.301(17).

13.     Craig was and is a "consumer" as defined by 15 U.S.C. § 1681a( c ).

14.     Craig was and is a "person" as defined by Wis. Stat. § 990.01(1 & 26).

15.     Craig was and is a "person" as that term is used in Wis. Stat. § 995.50, and is further entitled to the protections and remedies of Wis. Stat. § 995.50.

-5-

16. Craig was and is a "person" as that term is used in Wis. Stat. § 895.446, and is further entitled to assert the protections and remedies of Wis. Stat. § 895.446.

17. Craig was and is an "individual" as that term is used in Wis. Stat. § 943.201, and is further entitled to assert the protections and remedies of Wis. Stat. § 943.201.

18. Defendant is a foreign corporation qualified and licensed by the Wisconsin Department of Financial Institutions to conduct business in Wisconsin and with Wisconsin consumers and businesses generally.

19. Defendant is engaged in arranging or brokering consumer loans and transactions made at high interest, and receiving payment for arranging or brokering those loans and transactions.

20. Defendant regularly makes loans to Wisconsin residents repayable at high interest rates, and collects money from Wisconsin residents on those loans, using the mail and the internet.

21. Defendant regularly purchases leads, of Wisconsin consumers who are interested in high interest loans, from licensed and unlicensed loan brokers and lenders

22. Defendant regularly sells leads, of Wisconsin consumers who are interested in high interest loans, to licensed and unlicensed loan brokers and lenders and others.

23. Defendant is a sophisticated business, operating throughout Wisconsin.

24. Defendant is licensed by the Wisconsin Department of Financial Institutions to make loans to Wisconsin residents, per Wis. Stat. § 138.09.

25. Defendant is a regular user of consumer reports and files under the FCRA, is restricted by the FCRA as to whose consumer reports and files its accesses, and is further restricted by the FCRA as to whom it re discloses the information it receives.

26. Defendant is a "person" as defined by Wis. Stat. § 990.01(1 & 26).

27. Defendant is also a "person" as that term is used in Wis. Stat. § 995.50, and is burdened by and subject to the remedies of Wis. Stat. § 995.50.

28.  Defendant was and is a "person" as that term is used in Wis. Stat. § 943.201, and is burdened by and subject to the remedies of Wis. Stat. § 943.201.

29.  Defendant was and is a "person" as that term is used in Wis. Stat. § 895.446, and is burdened by and subject to the remedies of Wis. Stat. § 895.446.

30.  Defendant was and is a "merchant" as defined by Wis. Stat. § 421.301(25).

31.  Defendant was and is a "credit services agency" as defined by Wis. Stat. § 422.501(2)(a).

32.  Per the "Terms of Use" and "Privacy" and other sections of defendant's website, defendant acknowledges that it regularly arranges, brokers, or helps obtain consumer loans for those who apply for credit, and sells the Non public PII and PFI of consumers such as Craig, to third parties.

33.  Because defendant regularly arranges, brokers or obtains consumer loans for Wisconsin consumers made at high interest, defendant would otherwise be a credit services organization ("CSO") as defined by Wis. Stat. § 425.501(2).

34.  While defendant is **not** registered to act as a CSO in Wisconsin, defendant enjoys an exemption from such registration per Wis. Stat. § 425.501(2)(b)(1), as long as defendant maintains all its required licensure in Wisconsin.

35.  Defendant is liable for the acts of its employees, agents, and independent contractors under theories of respondeat superior, agency, and vicarious liability.

36.  As a business conducting its affairs within the United States generally, and Wisconsin specifically, defendant is deemed to know what is lawful and what is unlawful under US and Wisconsin law. *Barlow v. United* States, 8 L. Ed. 728 (1833)("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins v. Parker,* 472 U.S. 115, 130 (1985)("all citizens are presumptively charged with knowledge of the law"); *Putnam v. Time Warner Cable of Southeastern Wisconsin, LP,* 2002 WI 108, ¶ 13 & footnote 4, 255 Wis.2d

447, 458 (Wis. 2002)("Wisconsin has adopted the mistake of law doctrine").

## IV. FACTUAL ALLEGATIONS

**Claims of Eugene Craig**

37.   Eugene Craig  was a plaintiff in *Craig v. Credit Ninja*, No. 2021-CV-731 (W.D. Wis.).

38.   In that lawsuit, Craig alleged that Credit Ninja unlawfully accessed, obtained and redistributed large amounts of non public information - both PII and PFI -  from Clarity Services, Inc.

39.   That lawsuit was settled, with a dismissal order entered in November of 2022.

40.   When Craig obtained his November 21, 2024 Clarity consumer credit report and file, he learned that defendant had again accessed, acquired, downloaded, and obtained his complete Clarity  consumer credit report and file on or about October 11, 2024.

41.   The information assembled by Clarity about Craig constitutes a "consumer report" under the FCRA, as the information is used for and bears "on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation personal characteristics or mode of living ..." 15 U.S.C. § 1681a(d)(1).

42.   The information assembled by Clarity about Craig constitutes a "consumer report" under the FCRA, as the information is assembled and is used "for the purpose of furnishing consumer reports to third parties ..." 15 U.S.C. § 1681a(d)(1).

43.   The information about Eugene Craig, held by and released by Clarity to Eugene Craig and by Clarity to defendant, constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

44.   The information about Eugene Craig, requested by and obtained by various entities including defendants, constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

45. Clarity is a "consumer reporting agency" under the FCRA, as "for monetary fees" Clarity "regularly engages in ... the practice of assembling or evaluating consumer credit information or other information on consumers ..." 15 U.S.C. § 1681a(f).

46. Clarity creates, generates and produces consumer credit reports and files on a regular basis, and derives the information in these reports and files from large amounts of information it collects and maintains on individuals like Eugene Craig in a data base called a consumer file.

47. For example, the consumer credit reports and files produced by Clarity in November of 2024 exceeds 10 pages, and is full of vast amounts of Non public PII and PFI, including but not limited to his name, address, and social security number, his credit score as compiled by Clarity, as well as his financial transaction history.

48. Craig has never applied for credit with defendant, nor has Craig ever authorized defendant to access, download, obtain or view his Clarity consumer credit reports and files.

49. Craig has never authorized defendant to access, download, obtain or view his consumer credit report and file as maintained by any other consumer reporting agency.

50. Each time defendant accessed Eugene Craig's Clarity consumer credit report and file, it obtained large amounts of his Non public PII and PFI, including but not limited to his name, address, and social security number, as well as his credit score and financial transaction history.

51. Defendant is required by state and federal law including the FCRA to adopt and maintain procedures designed to both protect consumer credit information and to limit its obtainment as well as its dissemination to proper parties.

52. Defendant has neither adopted nor maintained procedures adequately designed to both protect consumer credit information and to limit its obtainment as well as its dissemination to proper parties.

53. Defendant is prevented by state and federal law including the FCRA from releasing Eugene Craig's consumer credit report and file to third parties absent a permissible purpose under the FCRA, 15 U.S.C. §§ 1681b(a)(1 through 6) and (f).

54. None of the circumstances listed in 15 U.S.C. § 1681b(a)(1 through 6) are present here, as, there is no "credit transaction" or "credit application" initiated by Eugene Craig, and no "business transaction" was initiated by Eugene Craig.

55. The initiation of a "credit transaction" or "credit application" or "business transaction" by a third party is not a permissible purpose under the FCRA.

56. Defendant is required by the FCRA to adopt and maintain procedures designed to limit and restrict its access to consumer credit information, except where a permissible purpose to access the information exists. 15 U.S.C. § 1681b(f).

57. The referenced inquiries have become a permanent component of Eugene Craig's credit report and file and is reported to those who ask to review the credit history of Eugene Craig.

58. Defendant agreed and represented in its agreements with the various credit reporting agencies that it would request and use consumer reports and files which were obtained from said agencies only for purposes which are lawful under the FCRA as defined under §1681b.

59. Defendant was and is required by §§ 1681b, 1681n, and 1681q to refrain from obtaining consumer reports and files and files from credit reporting agencies under false pretenses, or without a legal basis.

60. At no time material hereto did Eugene Craig ever have a relationship with defendant of the kind specified under §1681b(a)(3)(A) - (F).

61. Eugene Craig has never given written instructions to defendant to access, download, obtain, review and/or release to a third party a consumer report and file of which Craig was the subject.

62.    Defendant  has never been ordered by a court of competent jurisdiction to obtain or release a copy of Eugene Craig's consumer credit report and file pursuant to § 1681b(1).

63.    Defendant has an affirmative duty to follow reasonable procedures, including those that would prevent the impermissible accessing of consumer credit reports and files.

64.    Reasonable procedures for users include restricting the ability of defendant's agents, contractors, and employees to obtain or release consumer credit report and files on consumers for any impermissible purpose.

65.    Credit Ninja's illegal, unlawful, and impermissible dissemination,  acquisition and / or redisclosure of Eugene Craig's consumer credit report and file violates Eugene Craig's privacy rights under state and federal law including the FCRA.

66.    Because credit inquiries lower a persons credit score, the actions of defendant has impaired Eugene Craig's future access to credit.

67.    Craig's agent wrote defendant, asking that it stop accessing Craig's credit reports.

68.    Defendant never responded.

69.    As a result of the actions and omissions of defendant, Eugene Craig has suffered damages including emotional distress, loss of privacy, mental anguish, fear, anger, frustration, embarrassment, a diminution of the value of his Non public PII and PFI, and other damages.


70.    The damages Craig suffered as a result of the actions and omissions of defendant are directly traceable to the conduct of defendant, and are likely to be redressed by a favorable decision in this action.

## V.  CAUSES OF ACTION

## COUNT 1.   FAIR CREDIT REPORTING ACT

71.    Eugene Craig incorporates by reference all the foregoing paragraphs.

72.    Defendant  willfully and/or recklessly violated provisions of the Fair Credit Reporting Act.

Defendant's violations include, but are not limited to the following:

(a)    Credit Ninja violated 15 U.S.C. §1681b(f) by willfully and/or recklessly obtaining a copy of Craig's Clarity consumer credit report and file without a permissible purpose under the FCRA.

(b)    Credit Ninja violated 15 U.S.C. §1681b(f) by willfully and/or recklessly distributing information from Craig's Clarity consumer credit report and file without a permissible purpose under the FCRA.

73.    As a result of the above violations of the FCRA, defendant is liable to Craig in the sum of Craig's actual damages, statutory damages, punitive damages, costs, disbursements, and reasonable attorney's fees.

## COUNT 2.   WISCONSIN'S PRIVACY STATUTE

74.    Eugene Craig incorporates by reference all the foregoing paragraphs.

75.    The information concerning Eugene Craig, as contained in the consumer credit report and file maintained by Clarity, includes non public PII such as Eugene Craig's social security number, and further includes non public  PFI such as  his banking information, and his credit score.

76.    The information concerning Eugene Craig, as contained in the consumer credit report and file maintained by Clarity, is private, and is of a highly personal nature.

77.    Similar information concerning any reasonable person of ordinary sensibilities, would also be considered private and of a highly personal nature.

78.    The unlawful accessing of that information by defendant of Craig's consumer credit report and file is highly offensive to Eugene Craig.

79.   The unlawful re disclosure of that information by defendant is highly offensive to Eugene Craig.

80.   Any unlawful accessing and re disclosure of similar information of any reasonable person of ordinary sensibilities, would be highly offensive to any such person.

81.   Defendant acted unreasonably and recklessly in accessing, Eugene Craig's information, including Non public PII and PFI about Eugene Craig.

82.   Defendant acted unreasonably and recklessly in re disclosing Eugene Craig's information, including Non public PII and PFI about Eugene Craig.

83.   While Eugene Craig's Non public PII and PFI were not disclosed to the general public, Eugene Craig's Non public PII and PFI were disclosed to an audience that includes companies that Eugene Craig has never contracted with, companies that Eugene Craig has never authorized to receive such information, and companies that Eugene Craig has no control over including potentially companies based and operating outside the United States and Wisconsin, and outside the jurisdiction of United States and Wisconsin courts.

84.   Defendant willfully and/or recklessly violated Wis. Stat. § 995.50(2)(a & c), including its prohibition on accessing Eugene Craig's Non public PII and PFI.

85.   As a result of the above violations of Wis. Stat. § 995.50, defendant is liable to Eugene Craig in the sum of Eugene Craig's actual damages, punitive damages, costs, disbursements, and reasonable attorney's fees, along with any appropriate injunctive and or declaratory relief.

## COUNT 3.    WISCONSIN'S CIVIL THEFT STATUTE, WIS.  STAT. § 895.446

86.    Eugene Craig re alleges and incorporates by reference all of the above paragraphs.

87.    Wisconsin law recognizes the privacy rights of individuals.  Wisconsin protects a persons PII and PFI from misuse by other persons.  Unlike other privacy statutes, Wisconsin combines the acronyms PII and PFI into a single term or acronym; "personal identifying information" or "PII."

88.    Eugene Craig has a privacy right in his PII, and is protected by Wisconsin law from its misuse by other persons.  Wis. Stat. § 943.201(1).

89.    Misuse of a persons PII by another constitutes a Class H felony under Wisconsin law that may be prosecuted by a Wisconsin District Attorney or the Wisconsin Attorney General. Wis. Stat. § 943.201(2).

90.    Misuse of a persons PII by another also triggers a civil claim for damages that may be enforced by the victim.  Wis. Stat. § 895.446.

91.    Here, defendant intentionally obtained Eugene Craig's protected PII, and disclosed it to third parties, without Eugene Craig's consent.

92.    Eugene Craig's protected PII has value, as its misuse can generate money, when it is obtained without consent and sold by third parties to others.

93.    Here, defendant intentionally misused Eugene Craig's protected PII, when it represented to non mortgage lenders and other third parties that it had Eugene Craig's consent to use the PII, or it had legal authority to use Craig's PII.  Wis. Stat. § 943.201(2).

-14-

94.     Here, defendant intentionally misused Eugene Craig's protected PII, when it used Eugene Craig's PII "to obtain ... money .. or other thing[s] of value or benefit."   Wis. Stat. § 943.201(2).

95.     Specifically, defendant intentionally  represented to third parties that it had Eugene Craig's consent to broker non mortgage short term loans to and for Eugene Craig.

96.     Specifically, defendant intentionally disclosed Eugene Craig's PII to third parties in aid of defendants efforts to broker to third parties a non mortgage short term loan for Eugene Craig.

97.     Specifically, defendant obtained "money" when it was paid by third parties for providing said third parties, with a lead of and to, a potential short term loan customer, namely Eugene Craig, along with Craig's protected PII.

98.     As a direct and proximate result of defendant's wrongful actions, Eugene Craig has suffered actual damages, including a reduction in his credit scores, a reduction in the value of his protected PII, as well as having incurred  costs of investigation and litigation in asserting his legal rights.

99.     As a direct and proximate result of defendant's wrongful actions, defendant has been unjustly enriched by its profits from the misuse of Eugene Craig's protected PII.

100.    As a direct and proximate result of defendant's wrongful actions, Eugene Craig's protected PII is now in the hands of unknown third parties, some of which are based outside of the United States and outside of the jurisdiction of Wisconsin and US courts.

101.     Moreover, defendant's  actions with respect to Eugene Craig's property have seriously interfered with Eugene Craig's exclusive right to use his protected PII as he chooses.

102.    Eugene Craig has been damaged by defendant's actions; the specific extent and amount of these damages will be evidenced at the trial of this matter.

103.    Defendant's misconduct was intentional and malicious, and specifically directed at Eugene Craig, entitling Eugene Craig to an award of exemplary / punitive damages.

104.    As a result of defendant's misuse of Eugene Craig's protected PII, Eugene Craig has been and will continue to be injured irreparably, entitling Eugene Craig to declaratory and injunctive relief.

## VI.  REQUEST FOR RELIEF

105.    **WHEREFORE**, Eugene Craig respectfully requests that Judgment be entered against defendant as follows:

**Count 1 - FCRA**

(a)     actual damages;

(b)     statutory damages;

(c)     punitive damages;

(d)     costs and reasonable attorney's fees; and

(e)     such other and further relief as is just and equitable.

**Count 2 - Wis. Stat. § 995.50**

(a)     actual damages;

(b)     punitive damages;

(c)     declaratory and injunctive relief:

(d)     costs and reasonable attorney's fees; and

(e)     such other and further relief as is just and equitable.

**Count 3 - Wis. Stat. § 895.446**

    (a)    actual damages;

    (b)    exemplary or punitive damages of three times actual damages;

    ( c )    disgorgement of all amounts derived from or received for the sale, lease, or exchange of Eugene Craig's PII and / or PFI;

    (d)    declaratory and injunctive relief:

    (e)    costs and reasonable attorney's fees; and

    (f)    such other and further relief as is just and equitable.

## VII.  DEMAND FOR TRIAL BY JURY

106.    Eugene Craig hereby demands that, to the extent provided by the United States and Wisconsin Constitutions, United States and Wisconsin Statutes, and United States and Wisconsin Common  Law,  these claims be determined by a jury of his peers.


Dated: February 1, 2025            electronically signed by Eric Crandall
                          Eric Leighton Crandall, Esq.
                          **CRANDALL LAW FIRM, S.C.**
                          421 West Second Street
                          PO Box 27
                          New Richmond, WI 54017
                          715-243-9996 (p)
                          715-246-7174 (f)
                          WisconsinConsumerLaw@frontier.com
                          Wis. Atty. Lic. No. 1001833

                          **ATTORNEY FOR PLAINTIFF**
                          **EUGENE CRAIG**

**FILED**
**02-10-2025**
**Clerk of Circuit Court**
**Eau Claire County, WI**
**2025CV000053**

## AFFIDAVIT OF SERVICE

| Case:<br>2025CV000053 | Court:<br>Eau Claire County Circuit Court | County:<br>Eau Claire, WI | Job:<br>12638792 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Eugene Craig | | Defendant / Respondent:<br>KMD Wisconsin, LLC | |
| Received by:<br>Dane County Civil Process, LLC | | For:<br>Crandall Law Firm | |
| To be served upon:<br>KMD Wisconsin, LLC, d/b/a Credit Ninja, c/o Corporation Service Company | | | |

I, Michael Jesse, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | Andrew Schumacher, Administrative Assistant, Corporation Service Company, Registered Agent Company: 33 East Main Street Suite 610, Madison, WI 53703 |
|---|---|
| Manner of Service: | Registered Agent, Feb 4, 2025, 10:35 am CST |
| Documents: | Authenticated Summons and Complaint and Demand for Jury Trial (Received Feb 4, 2025, at 8:00 am CST), Electronic Filing Notice, Affidavit of Service |

**Additional Comments:**
1) Successful Attempt: Feb 4, 2025, 10:35 am CST at Registered Agent Company: 33 East Main Street Suite 610, Madison, WI 53703 received by Andrew Schumacher, Administrative Assistant, Corporation Service Company. Age: 55-60; Ethnicity: Caucasian; Gender: Male; Weight: 220; Height: 6'2"; Hair: Brown;
Served on an individual who claimed that they were authorized to accept service.

Fees:   $60.00

| | |
|---|---|
| Michael Jesse | 02/05/2025<br>**Date** |

Dane County Civil Process, LLC
345 W Washington Ave Suite 201
Madison, WI 53703
608-849-6420

*Subscribed and sworn to before me by the affiant who is personally known to me.*

| | |
|---|---|
| Notary Public | |
| 02/05/2025<br>**Date** | 06/27/2028<br>**Commission Expires** |



**STATE OF WISCONSIN**  |  **CIRCUIT COURT**  |  **EAU CLAIRE**

Eugene Craig vs. KMD Wisconsin, LLC

**Electronic Filing Notice**

Case No. 2025CV000053
Class Code: Money Judgment

FILED
02-03-2025
Clerk of Circuit Court
Eau Claire County, WI
2025CV000053
Honorable Sarah Harless
Branch 5

KMD WISCONSIN, LLC
SUITE 2200
222 SOUTH RIVERSIDE PLAZA
CHICAGO IL 60606

Case number 2025CV000053 was electronically filed with/converted by the Eau Claire County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 900476**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 715-839-4816.

Eau Claire County Circuit Court
Date: February 3, 2025

This form shall not be modified. It may be supplemented with additional material.

§801.18(5)(d), Wisconsin Statutes